## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-58-CJN |
| | ) | |
| KELVIN POWELL, | ) | |
| | ) | |
| *Defendant*. | ) | |

## GOVERNMENT'S UNOPPOSED MOTION TO VACATE THE TRIAL DATE

The United States of America, through the undersigned counsel, respectfully submits this unopposed motion to vacate the trial date. Having just identified an issue with the current charges against the Defendant, the government has determined that it will not proceed to trial on the current indictment. Instead, the government is requesting a brief continuance to decide whether it will seek superseding charges in Federal court or instead pursue this criminal prosecution in local court. As explained below, under the specific circumstances—including the government's prompt notice to the Defendant and transparent attempt to address multiple obligations—this request is reasonably necessary for a just determination of the matter and will not result in significant prejudice to the defense.

The government has discussed this matter with the defense. The defense does not oppose this motion to vacate the trial date and agrees that the government should have thirty days to make its assessment.

### I.      RELEVANT BACKGROUND

The Defendant, Kelvin Powell, is pending trial for allegations that, from December 2021 through February 2022, he misused a position of public trust to sexually abuse a juvenile detainee who was under his custody and control. Charges against the Defendant were first brought in the District of Columbia's Superior Court on March 11, 2022—just weeks after local law enforcement

1

learned of the alleged misconduct.  The Defendant was released pending trial, subject to location monitoring and a curfew.  Following further inquiry by the Federal Bureau of Investigation, the government charged the Defendant with Federal offenses through an eight-count indictment that was returned on February 23, 2023.  *See* ECF No. 1.  The government simultaneously dismissed the Defendant's Superior Court charges without prejudice.  The Defendant was placed on pretrial release in District Court, and his conditions of release here have largely been the same as they had been in Superior Court.

The parties agreed to, and the Court issued, a scheduling order setting trial in this matter for January 8, 2024.  ECF No. 15.  The parties have been filing relevant motions and responses consistent with the Court's deadlines.

Among other things, the parties are currently required to file a Joint Pretrial Statement, including proposed jury instructions, on or before December 21, 2023.  In preparing those proposed jury instructions, the government spotted an issue it had previously failed to appreciate.

As the Court is aware from prior filings, K.A., the alleged victim in this case, was detained by the District of Columbia's Department of Youth Rehabilitation Services (DYRS) at DYRS's Youth Services Center (YSC).  The United States Marshals Service (USMS) contracts with DYRS to hold Federal prisoners at YSC, including during the time period alleged in the Indictment.  This fact alone seems to meet the jurisdictional component of the charged offenses.  *See* 18 U.S.C. §§ 2243(b) and 2244(a)(4) (prohibiting certain conduct occurring "in the special maritime and territorial jurisdiction of the United States or in a Federal prison, *or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency…*") (emphasis added).[1]

---

[1] At least one court has found as a matter of law that a USMS contract with a local department of corrections to house Federal prisoners met this jurisdictional element.  *See United States v. Mujahid*, No. 3:10-cr-91 (HRH), 2011 WL 13359589 (D. AK. July 20, 2011), *aff'd*, 799 F.3d 1228 (9th Cir. 2015).

Until now, the government failed to appreciate that the offenses as charged here depend not only on the general Federal status of the relevant "prison, institution, or facility" of detention, but also on the specific Federal circumstances of the victim's "official detention" in such a facility. *See* 18 U.S.C. §§ 2243(b) and 2246(5).[2]  A number of factors—including but not limited to K.A.'s unique status as a juvenile pretrial detainee facing delinquency charges prosecuted by the District of Columbia's Office of Attorney General and the unique mix of different "Federal" and "local" officials and employees responsible for administering Superior Court's pretrial detention and probation functions—create apparent issues of first impression regarding the application of the statutory definition of "official detention" to K.A.'s status at the time that she was allegedly abused by the Defendant.  Whether this novel issue is considered jurisdictional or legal or factual, the government does not currently believe that it can in good faith seek to prove beyond a reasonable doubt that K.A. was in "official detention" as the term is specifically defined in § 2246(5).  As a result, the government will not proceed to trial on the current charges.

This does not end the matter.  There remain other charges—both Federal and under the District of Columbia's criminal code—through which to continue this prosecution.  And the government will continue the criminal prosecution of this case.  But having just discovered the issue identified above, the government has yet to decide whether it will do so by seeking to supersede in District Court or by bringing this case in Superior Court.  Through this motion, the government seeks a brief continuance to make that determination.

## II.    RELEVANT LEGAL PRINCIPLES

The decision to grant a continuance is a matter within the Court's discretion and "is not subject to review absent a clear abuse."  *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir.

---

[2] This extra Federal nexus or status element is conceivably a drafting error, as it appears nowhere else in 18 U.S.C. Chpt. 109A *other than* § 2243(b).  Meanwhile, the Chapter is riddled with the "pursuant to a contract or agreement" language described above.

1978).  The "ultimate question is whether a continuance is reasonably necessary for a just determination of the [case]." *United States v. Ashton*, 555 F.3d 1015, 1020 (D.C. Cir. 2009) (citing *Neufield v. United States*, 118 F.2d 375, 380 (D.C. Cir. 1941)).  There are "no firm rules" for making this determination.  *Id.*  And deciding if a continuance is warranted is necessarily a fact- and circumstance-specific inquiry.  *Burton*, 584 F.2d at 489 (citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).  Among the things that a trial court may consider are: the length of the requested delay; whether other continuances have been requested and granted; and whether the requested delay is for legitimate reasons.  *United States v. Eiland*, 738 F.3d 338, 355 (D.C. Cir. 2013) (citing *Burton*, 584 F.2d at 490-91).[3]

## III.    ARGUMENT

The Court should grant this unopposed motion as it is reasonably necessary for a just determination of this matter.  The request is for legitimate, sincere, recently discovered, and material reasons.  The Defendant did not contribute to the circumstances which give rise to the request, but there is no dispositive prejudice to him in granting the continuance.  This is because the government will seek to continue its case against the Defendant regardless of whether the Court grants this specific and unopposed request for a brief continuance.

In making this admittedly unusual request of the Court, the government is promptly and transparently trying to address and balance several obligations and considerations.  First and foremost, the government is alerting the Court and the Defendant that it will not proceed to trial on the current indictment because it cannot do so in good faith.  But rather than notify the Court

---

[3] The majority of cases dealing with continuance motions arise in the context of opposed defense requests. *Eiland* identified other non-exhaustive factors in that situation, including: whether the defendant contributed to the circumstance which gives rise to the request; whether the defendant has other competent counsel prepared to try the case; whether denying the continuance will result in identifiable and material prejudice to the defendant's case; and the complexity of the case. *Eiland*, 738 F.3d at 355 (citing *Burton*, 584 F.2d at 490-91).

of this fact alone, the government is also noting that there are other potential Federal charges on which it could seek a superseding indictment.  Some of the charges under consideration could necessitate consultation with the Justice Department's Civil Rights Division.  But given the unique nature of the District of Columbia, the current prosecution team could instead decide to re-charge this case in Superior Court.

While assessing whether to continue prosecuting this matter in District Court or Superior Court, the government is also making its best efforts to meet its obligations to keep the victim reasonably informed of and heard on significant case updates.  To that end, prior to determining a course of action, the government intends to discuss with the victim the different legal and evidentiary issues that may come into play depending on what charges the government pursues and in which venue it pursues them.

The government is not seeking a lengthy continuance.  The government intends in the weeks ahead to inform the Court and the Defendant of whether it will supersede in Federal court or pursue the matter locally.  Having conferred with the defense, the parties suggest that the government be required to inform the Court and the Defendant of its determination within thirty days.  Providing the government with that time to address the issues articulated above would be a reasonable and just application of the Court's discretion.

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the trial date in this matter be vacated and that the Court order the government to notify the Court and the Defendant within thirty days of whether it intends to continue pursuing this matter in District Court or Superior Court.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:  /s/ Timothy Visser
     Timothy Visser (DC Bar No. 1028375)
     Jessica Wash (NY Bar No. 5070495)
     Assistant United States Attorneys
     601 D Street, NW
     Washington, DC 20530
     202-252-2590 (Visser)
     202-252-7722 (Wash)
     timothy.visser@usdoj.gov
     jessica.wash@usdoj.gov