**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-58-CJN |
| | ) | |
| KELVIN POWELL, | ) | |
| | ) | |
| *Defendant*. | ) | |

**GOVERNMENT'S NOTICE TO THE COURT AND**
**UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE**

The United States of America, through the undersigned counsel, respectfully submits this notice and unopposed motion to dismiss without prejudice.  Following the Government's Unopposed Motion to Vacate the Trial Date (ECF No. 27), the Court issued a Minute Order on December 18, 2023, directing the government to "notify the Court and the Defendant by January 15, 2024, whether it intends to continue prosecuting this matter in the United States District Court or in the District of Columbia's Superior Court."  Through this filing, the government is notifying the Court of its intent to continue prosecuting this matter in Superior Court.  Relatedly and consequently, the government now moves to dismiss this matter without prejudice.

On January 10, 2024, the government notified the Defendant's counsel of its intent to pursue this matter in Superior Court and its related request to dismiss the District Court case without prejudice.  The defense informed the government that it does not oppose the motion.

I.      **Relevant Background**

Much of the relevant background underlying this Notice and Motion is described in the government's prior unopposed motion to vacate the trial date.  ECF No. 27.  In pertinent part, while preparing last month for trial in this matter, the government identified an apparent issue of first impression that would likely prevent the government from continuing prosecution under the

current federal charging document.  *Id.* at 2-3.  In alerting the Court and defense to this issue, however, the government stated its intent to continue criminally prosecuting this matter, either by seeking a superseding indictment in District Court or bringing the case in Superior Court.  The government requested, and the Court granted, a brief continuance for the government to determine which option it would pursue.

The government has decided to—and has taken significant steps towards—continuing this prosecution in Superior Court.  Specifically, on January 10, 2024, a Superior Court Grand Jury returned an indictment against the Defendant charging him with violations of the District of Columbia's Criminal Code for the same offense conduct at issue in this federal case.[1]  Having pursued those local charges, the government now moves to dismiss the federal matter without prejudice.

## II.    Argument

Federal Rule of Criminal Procedure 48(a) allows the government, "with leave of court, to dismiss an indictment, information, or complaint."  The Court's role in granting this leave focuses on "guarding against abuse of prosecutorial discretion."  *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973).  Judge Kollar-Kotelly has described the government's request to dismiss a case without prejudice under Rule 48(a) as follows:

> Generally speaking, there is a strong presumption in favor of dismissal without prejudice over one with prejudice.  *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989).  Where, as here, the dismissal does not arise from a constitutional violation, dismissal is normally without prejudice.  *United States v. Simmons*, 536 F.2d 827, 833 (9th Cir.), *cert denied*, 429 U.S. 854 (1976).  Nonetheless, in

---

[1] The federal indictment charges the Defendant with eight counts arising from eight distinct sexual acts and instances of sexual contact.  *See* ECF No. 1.  Four of those counts involve allegations of sexual abuse of a ward, in violation of 18 U.S.C. § 2243(b).  The other four involve allegations of abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(4).  The Superior Court indictment addresses the exact same eight distinct sexual acts and instances of sexual contact, but includes sixteen counts instead of eight.  This is because each instance is charged as a violation of D.C. laws regarding both sexual abuse of a minor and sexual abuse of a ward.  *See* D.C. Superior Court Case No. 2022 CF1 001444 (reopened on Jan. 10, 2024).

> exceptional circumstances, the district court may deny the prosecutor leave to
> dismiss an indictment without prejudice. *Poindexter*, 719 F. Supp. at 10. As the
> case law makes clear, this will rarely be appropriate.

*United States v. Florian*, 765 F. Supp. 2d 32, 34-35 (D.D.C. 2011). *See also United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015) ("Under Rule 48, there is a strong presumption in favor of a no-prejudice dismissal unless the circumstances are 'exceptional,' such as where a dismissal without prejudice 'would result in harassment of the defendant or would otherwise be contrary to the manifest public interest.'" (citing *Poindexter*)); *United States v. Karake*, No. 02-cr-256 (ESH), 2007 WL 8045732, at *1 (D.D.C. Feb. 7, 2007) (same).

The Court's assessment of a government request to dismiss without prejudice involves two steps. First, the government must meet "an exceedingly low threshold" of showing that "dismissal without prejudice would be in the public interest." *United States v. Madzarac*, No. 20-cr-194 (RCL), 2023 WL 3452331, at *3 (D.D.C. May 15, 2023) (citing *Florian*, 765 F. Supp. 2d at 35). Once this first step is met, the government's request to dismiss without prejudice is "presumptively valid." *Id*. To overcome that presumption at the second step of the analysis, the court must determine that dismissal without prejudice "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *Id*. (citing *United States v. Simmons*, No. 18-cr-344 (EGS), 2022 WL 1302888, at *19 (D.D.C. May 2, 2022) (quoting *Poindexter*, 719 F. Supp. at 10)).

Dismissing this matter without prejudice is in the public interest. The Defendant is accused of misusing a position of public trust to sexually abuse K.A., a juvenile detainee who was under his custody and control and who was more than four-decades his junior. As demonstrated by pretrial filings in this case, the government also has evidence that the Defendant abused his position of public trust on other occasions to develop sexual relationships with young women other than

K.A.  Though those uncharged instances either fall outside of the statute of limitations or involve conduct outside of the relevant detention facility itself, they help point to the seriousness of the Defendant's alleged misconduct.  The public interest in resolving this matter on the merits is significant and clear.

The unique procedural posture of this case—namely, the government's need to refile charges in Superior Court while dismissing the federal charges—is not the result of bad faith.  To the contrary, the government is promptly and transparently addressing a recently discovered novel legal issue while still seeking to carry out this prosecution in good faith and without gamesmanship.  To this end, the government is relying on the same body of facts and same general legal theory to immediately bring similar charges against the Defendant in Superior Court.

In this respect, this case is akin to other matters dismissed without prejudice under Rule 48(a).  *See, e.g.*, *Florian*, 765 F. Supp. 2d at 36 (noting with approval the government's legitimate rationale in dismissing a matter without prejudice so that a simultaneous parallel prosecution in another jurisdiction regarding the same body of operative facts could proceed); *Karake*, 2007 WL 8045732, at *2-3 (granting a dismissal without prejudice when the government argued that a pretrial evidentiary decision led to a change in circumstances requiring re-indictment).

Dismissal without prejudice would not result in harassment of the Defendant.  The government has acted in good faith and expeditiously to address a previously unforeseen issue, and the path ahead for the parties is clear and definite.  In sum, the government: recently discovered a novel legal issue in a case it was otherwise prepare to take to trial immediately regarding a defendant who was not and is not in pretrial custody; promptly notified the defense and the Court of the issue; determined how to proceed without delay; and has already brought charges against the Defendant in Superior Court—charges that generally mirror the charges he was previously

facing and expose him to similar sentences.  These steps do not amount to, nor will result in, harassment of the Defendant.

The posture of this case thus does not resemble the "exceptional" or "rare" cases where a court has mandated a dismissal with prejudice due to potential harassment of the Defendant.  For example, the government is not subjecting the Defendant to an ongoing threat that the government *may* prosecute him at some indeterminate time in the indefinite future.  *See, e.g.*, *Poindexter*, 719 F. Supp. at 11; *Borges*, 153 F. Supp. 3d at 220.  Nor is the government pursuing a dismissal primarily to avoid a potential Speedy Trial Act violation.  *See, e.g.*, *United States v. Pitts*, 331 F.R.D. 199 (D.D.C 2019).  Nor did the government initiate this proceeding in District Court knowing that it could not establish venue.  *See, e.g.*, *Madzarac*, 2023 WL 3452331, at *5.

## III.   Conclusion

For the foregoing reasons, the government respectfully requests that this case be dismissed without prejudice.  The defense does not oppose this motion.  For the Court's convenience, a proposed order is attached as **Exhibit A.**

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:     */s/ Timothy Visser*_____
Timothy Visser (DC Bar No. 1028375)
Jessica Wash (NY Bar No. 5070495)
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
202-252-2590 (Visser)
202-252-7722 (Wash)
timothy.visser@usdoj.gov
jessica.wash@usdoj.gov